IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No.   4:23-CR-0179-O

BRANDON CORTAZAR (01)

### PLEA AGREEMENT WITH WAIVER OF APPEAL
~~PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)~~ ℞

BRANDON CORTAZAR ("the defendant"), the defendant's attorney, and the

United States of America ("the government"), agree as follows:

1.    **Rights of the Defendant**:    The defendant understands that the defendant

has the right:

        a.    to plead not guilty;

        b.    to have a trial by jury;

        c.    to have the defendant's guilt proven beyond a reasonable doubt;

        d.    to confront and cross-examine witnesses and to call witnesses in the
            defendant's defense; and

        e.    against compelled self-incrimination.



2.     **Waiver of rights and plea of guilty**:     The defendant waives these rights,

waives any defenses based on any statute of limitations, and pleads guilty to the offenses

alleged in Counts One of the superseding information, charging a violation of 18 U.S.C.

§§ 2251(a) and (e), that is sexual exploitation of a minor and Count Two of the

superseding information, charging a violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1)

that is receipt of child pornography.   The defendant understands the nature and elements

of the crimes to which the defendant is pleading guilty and agrees that the factual resume

the defendant has signed is true and will be submitted as evidence.

3.     **Sentence**:     The penalties the Court can impose are as follows:

Count One:    Sexual Exploitation of a Child

a.   imprisonment for a period not less than 15 years and more than 30 years;
b.   a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
c.   a term of supervised release of any term of years or life but not less than five years, which is mandatory under the law and will follow any term of imprisonment.   Revocation of the term of supervised release could result in an additional period of confinement.   If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;
d.   a mandatory special assessment of $100;
e.   a second mandatory special assessment of $5,000, unless the Court finds the defendant to be indigent, must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015;
f.   an assessment of up to $50,000 pursuant to 18 U.S.C. § 2259A;
g.   restitution to the victim or to the community, which may be mandatory under the law;
h.   registration as a sex offender under the Sex Offender Registration and Notification Act;
i.   costs of incarceration and supervision; and
j.   forfeiture of property.



Count Two:   Receipt of Child Pornography

    a.    imprisonment for a period of not less than five (5) years, and no more than 20 years, for a total up to 50 years;

    b.    a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim(s), for a total up to $500,000;

    c.    a term of supervised release of any term of years or life but not less than five years, which is mandatory under the law and will follow any term of imprisonment.   If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d.    a mandatory special assessment of $100, for a total of $200;

    e.    a secondary mandatory special assessment of $5,000, unless the Court finds the defendant to be indigent, must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015, for a total up to $10,000;

    f.    an assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A, for up to a total of $85,000;

    g.    restitution of not less than $3,000 per victim, which may be mandatory under the law 18 U.S.C. § 2259A;

    h.    registration as a sex offender under the Sex Offender Registration and Notification Act;

    i.    cost of incarceration and supervision; and

    j.    forfeiture of property.

    4.    **Court's sentencing discretion and role of the Guidelines:**   The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court, and the defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected.



5.     **Immigration consequences:**   The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses.   The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

6.     **Mandatory special assessment**:   The defendant agrees to pay to the U.S. District Clerk the amount of $200 in satisfaction of the mandatory special assessment in this case.   Further, upon conviction, if the Court finds the defendant is not indigent, an additional mandatory special assessment of $10,000 must be imposed pursuant to 18 U.S.C. § 3014, and an additional assessment of not more than $85,000 pursuant to 18 U.S.C. § 2259A(a).

7.     **Restitution.**     Pursuant to 18 U.S.C. § 3663(a), the defendant agrees to pay restitution for losses resulting from all of the defendant's criminal conduct, including relevant conduct and other criminal conduct related or similar to the defendant's offense

of conviction, and understands that restitution will not be limited to losses stemming from the offense of conviction alone.    The defendant agrees to cooperate fully in the identification of assets to be applied toward restitution.    The defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within the defendant's possession or control requested by the government regarding the defendant's financial condition; and (D) fully and truthfully answering all questions regarding the defendant's past and present financial condition in such interview(s).

8.    **Forfeiture of property**:  The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the superseding information, or seized or restrained in the investigation underlying the indictment or information, including the forfeiture of a:

1. Apple iPhone 8 cellular telephone, IMEI: 352989096195944; and
2. Samsung SM-J337P cellular telephone, IMEI: 352938090747002

The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 2253(a).  The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal



Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.   The

defendant agrees to provide truthful information and evidence necessary for the

government to forfeit such property.   The defendant agrees to hold the government, its

officers, agents, and employees harmless from any claim whatsoever in connection with

the seizure, forfeiture, storage, or disposal of such property.

 9. **Destruction of property**: The defendant waives and abandons any and

all right, title, claim or interest, he may have in all property seized during the

investigation of the defendant leading to the Indictment/superseding information in this

case, which is specifically listed below:

 1) Apple iPhone ~~XR~~ cellular telephone, IMEI: ~~356424106142963~~; and *[handwritten: 8 XR ... 356429106142963]*
 2) Samsung SM-T377A tablet, IMEI: 353608075459241

Defendant affirms that no other person has an interest in the listed property and

agrees that the government may destroy or otherwise dispose of such property, including

but not limited to any and all images, files, documents or other information that may be

electronically stored on or within the listed property, at its discretion.   The defendant

agrees there was reasonable cause for the seizure of the subject property and releases,

holds harmless, and forever discharges the government, its officers, agents, servants, and

employees, its heirs, successors, or assigns, or any state or local authorities, either in their

official or individual capacities, from any and all claims, causes of action, suits,

proceedings, debts, dues, contracts, judgments, damages, and/or demands whatsoever in

law or equity that the defendant and his heirs, successors, or assigns ever had, now have,

or may have in the future, in relation to the subject property.   The defendant further

agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, or destruction of the subject property.

10. **Defendant's cooperation with financial investigation**:   In order to assist in the collection of fines and restitution, the defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution.   The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.   The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.   The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

11. **Defendant's testimony**:   The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which the defendant has knowledge.   If the defendant chooses to do so, however, the defendant's



testimony must be complete and truthful.    Incomplete or dishonest testimony will constitute a breach of this agreement.

12.    **Government's agreement**:    The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty and will move to dismiss, at sentencing, any remaining counts in the Indictment/superseding information other than those to which the defendant is pleading guilty.

13.    **Violation of agreement**:    The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.    In such event, the defendant waives any objections based upon delay in prosecution.    If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

14.    **Voluntary plea**:    This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.    There have been no guarantees or promises from anyone as to what sentence the Court will impose.

15.    **Representation of counsel**:    The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's lawyer and is fully satisfied with that lawyer's legal representation.    The defendant has received from the

**Plea Agreement   - Page  8**



defendant's lawyer explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16.   **Waiver of right to appeal or otherwise challenge sentence**:   The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives the defendant's right to contest the defendant's conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

17.   **Limitation of Agreement**:   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

18.  **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _4th_ day of _August_, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
BRANDON CORTAZAR
Defendant

_____
BRANDIE WADE
Assistant United States Attorney
Texas State Bar No. 24058350
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:   817-252-5455
Email: brandie.wade@usdoj.gov

_____
RACHEL TAFT
Attorney for Defendant

_____
ALEX LEWIS
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

_____         7/31/23
BRANDON CORTAZAR                              Date
Defendant

I am the defendant's attorney.   I have carefully reviewed every part of this plea agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____         7/31/23
RACHEL TAFT                                         Date
Attorney for Defendant


I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions:   where I reside; where I am an employee; and where I am a student.   I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.   I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.   I further understand that I am required to provide information relating to my intended travel outside the United States.   I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.


_____         7/31/23
BRANDON CORTAZAR                              Date
Defendant

_____         7/31/23
RACHEL TAFT                                         Date
Attorney for Defendant


**Plea Agreement   - Page  11**